J-A05029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES LEE FARRISH | : | |
| | : | |
| Appellant | : | No. 397 WDA 2024 |

Appeal from the PCRA Order Entered April 3, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006230-2021

BEFORE:  MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED: MARCH 10, 2025**

Appellant, James Lee Farrish, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. While on parole for unrelated offenses, Appellant was arrested and charged in the instant case with receiving stolen property, possessing instruments of crime ("PIC"), and two counts of persons not to possess a firearm.  The Commonwealth later withdrew the charges for receiving stolen property and PIC.  On February 3, 2022, Appellant entered an open guilty plea to one count

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The notice of appeal incorrectly states that the appeal lies from the judgment of sentence.  However, counsel attached a copy of the court's order dismissing Appellant's PCRA petition and otherwise indicated in the docketing statement that this is an appeal from PCRA proceedings.

of persons not to possess a firearm; the remaining count was withdrawn.

That same day, the trial court sentenced Appellant to 3 to 6 years of incarceration. At the hearing, plea counsel stated: "I know it's going to be ultimately up to parole, but would you state in the Order that this sentence could be run concurrently with any parole violation?" (N.T. Plea Hearing, 2/3/22, at 17). The court noted in its sentencing order: "Sentence **can** run concurrent to any future sentence imposed." (Sentencing Order, 2/3/22) (emphasis added). Appellant did not appeal his judgment of sentence.

On August 9, 2022, Appellant filed the instant *pro se* PCRA petition, arguing that he had pled guilty because he believed his sentence for persons not to possess firearms would run concurrent to his parole violation sentence, which ultimately did not occur. The court appointed counsel, who filed an amended petition on January 4, 2024. On January 9, 2024, the court sent notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The court formally dismissed the petition on April 3, 2024.

On April 5, 2024, Appellant timely filed a notice of appeal. On April 8, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On April 29, 2024, Appellant timely complied.

On appeal, Appellant raises the following issues for our review:

I. Whether trial counsel was ineffective when he informed [Appellant] that this sentence could be served concurrently with his parole revocation sentence?

II. Whether the PCRA Court abused its discretion in dismissing the PCRA petition without holding an evidentiary hearing?

- 2 -

(Appellant's Brief at 4).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Parker**, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa.Super. 2013)). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa.Super. 2015), *appeal denied*, 635 Pa. 763, 136 A.3d 981 (2016) (quoting **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa.Super. 2007), *appeal denied*, 594 Pa. 685, 934 A.2d 72 (2007)).

In his issues combined, Appellant argues that plea counsel was ineffective when he informed Appellant that his sentence for persons not to possess firearms could be served concurrently with his parole violation sentence. Appellant asserts that, in the context of the plea process, giving legally erroneous advice is a claim of arguable merit, regardless of whether

- 3 -

the advice pertained to direct or collateral consequences. Appellant maintains there is no reasonable strategic basis for giving legally erroneous advice. Appellant contends that he suffered prejudice because he would not have pled guilty if he knew the sentence for persons not to possess firearms could be imposed consecutively to his parole violation sentence. Appellant submits that the court also improperly denied relief without giving Appellant the benefit of an evidentiary hearing to further develop his claims. Appellant concludes that plea counsel provided ineffective assistance, the court erred by declining to hold a hearing, and this Court must grant relief. We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612

Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has forgone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting *Commonwealth v. Geathers*, 847 A.2d 730, 733 (Pa. Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting *Sandusky, supra* at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hopkins, supra* at 876 (quoting *Commonwealth v. Chambers*, 570 Pa. 3, 33, 807 A.2d 872, 883 (2002)).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa.Super. 1993).

Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove

otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Id.*** Further, to establish prejudice based on counsel's ineffectiveness in connection with a guilty plea, the petitioner must show there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa.Super. 2013).

Finally, we note that the Parole Code provides:

**§ 6138. Violation of terms of parole**

**(a) Convicted violators.--**

\* \* \*

(5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i). "In other words, where a state parolee gets a new sentence, he must serve his backtime first before commencement of the new state sentence. Imposition of a new state sentence concurrent with parolee's backtime on the original state sentence is an illegal sentence under

- 7 -

this statute." **Kelley, supra** at 1013-14.

Instantly, the PCRA court explained that plea counsel did not promise Appellant concurrent sentences but stated: "I know it's going to be ultimately up to parole, would you state in the order that this sentence could be run concurrently with any parole violation?" (PCRA Court Opinion, 5/14/24, at 5; **see also** N.T. Plea Hearing at 17). The court further explained that counsel acknowledged the "decision was 'ultimately up to parole,' [and he presented] his request to the court with an open-ended term 'could' as opposed to 'would' or 'shall.'" (PCRA Court Opinion, 5/14/24, at 5).

Further, Appellant entered an **open** guilty plea.[2] While plea counsel may have improperly suggested that Appellant's sentence for persons not to possess firearms **could** be served concurrently to a parole violation, neither plea counsel nor the court informed Appellant that the sentences **would** be served concurrently. Rather, counsel acknowledged that the decision to impose concurrent or consecutive sentences was left to the discretion of the Parole Board. (**See** N.T. Plea Hearing at 17). Additionally, the court's sentencing order generically stated that the sentence **can** be imposed concurrent to any future sentence, without specifying a parole violation sentence. (Sentencing Order, 2/3/22). As well, Appellant specifically

---

[2] The cases cited by Appellant involve negotiated plea agreements rather than open guilty pleas. **Compare Kelley, supra** (vacating sentence and plea where defendant entered into agreement to plead guilty in exchange for definite sentence with definite start date, and was not advised that, based upon his parole revocation, his negotiated sentence could not be honored as stated or imposed).

acknowledged that the sentence might be ordered to run consecutively to any other sentence he might receive. (**See** Written Plea Colloquy, 2/3/22, at 8).

Although Appellant baldly states that counsel's erroneous advice caused him to plead guilty, Appellant disregards the fact that entry of the guilty plea also resulted in the Commonwealth dropping several additional charges against Appellant. On this record, Appellant has failed to demonstrate that there is a reasonable probability that, but for counsel's errors, he would have insisted on going to trial. **See Pollard, supra**. **See also Spotz, supra**.

Regarding Appellant's request for a hearing, the PCRA court explained:

> [T]his Petition was properly denied without a hearing. The record before the [c]ourt showed that the plea agreement did not include a sentencing recommendation. [Appellant] knew that the plea terms did not include an agreed upon sentence and that he faced a parole violation. [Appellant] acknowledged that he was not promised by his attorney anything outside the terms of the agreement. The record reflects that counsel and [Appellant] understood that the decision to run these sentences concurrent or consecutive was within the discretion of the Parole Board.

(PCRA Court Opinion at 6-7). Following our review of the record, we cannot say that the PCRA court erred in denying Appellant relief on his ineffectiveness claim and declining to hold a hearing. **See Parker, supra**. **See also Wah, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>3/10/2025</u>